81,814-02

To: Sherri Adelstein
Denton County District Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 02 2015

Abel Acosta, Clerk

11-6-14

FILED
DENTON COUNTY, TEXAS
2014 NOV 12 AM 9: 13
SHERRI ADELSTEIN
DISTRICT CLERK
BY ___ DEPUTY

Writ No: WR - 81, 814 - 02
Cause No: F-2002- 1700- E WHC 2

I filed an application for writ of habeas corpus on October 8, 2014 with (23) grounds. I sent an additional (2) grounds to be added to that application. I am attaching an additional (6) grounds to said application. Please file this letter as well as the additional grounds as well as bring this to the attention of the court. Thank you for your assistance in this matter.

Jason Zeno # 1995863

**GROUND: #26** Ineffective Assistance of Counsel—Failed to perform pretrial investigation

**FACTS SUPPORTING GROUND:** Attorney Steve Burgess failed to investigate the physical home and did not interview occupants. If he had done so the evidence would have shown that alleged assault could not have taken place as claimed. Record will reflect no physical evidence thus an adequate and effective representation would involve investigating the place where alleged assault took place as well occupants of said place. Said place was a one (1) bedroom apartment in the middle of the night with four (4)

14

#26
Other occupants and alleged victim making an outcry with one occupant less than a few feet away.

15

Rev. 01/14/14

**GROUND:** #27 Involuntary Plea because of Improper Admonishment

**FACTS SUPPORTING GROUND:** The record does not reflect an affirmative showing that I was admonished in regards to me waiving my right to appeal in the original plea proceedings in this cause number. The record does not show an affirmative admonishment of the fact that I was to be required to meet the registration requirements of Chapter 62 in the original plea proceedings in this cause number. Article 26.13 (h) in effect in 2002 required that trial court ascertain before accepting

Rev. 01/14/14

my guilty plea whether defense counsel had advised me of the registration requirements under Chapter 62. The ~~reflex reflex~~ record reflects that no investigation into this requirement was done by the trial court and that Steve Burgess never advised me of this requirement. I was extended an additional 5 years on probation in 2009 because ~~it~~ I was not aware of the consequences of my plea and did not fully comply with registration requirements because of my ignorance. I was harmed and misled by this lack of proper admonishments because I was burdened with additional consequences that I was not fully aware of and would not have pled guilty if I knew of those additional consequences and requirements.

Rev. 01/14/14

**GROUND:** #28 Violation of Due Process -
Court had no Jurisdiction to prosecute me

**FACTS SUPPORTING GROUND:** The indictment in this
cause was presented by and returned to
the 16th District Court of Denton County
Texas. No transfer order exist transferring
this cause to the 367th District Court
of Denton County Texas. The 367th District
Court of Denton County had no personal
Jurisdiction over me in order to prosecute
me.

14

Rev. 01/14/14

GROUND: #24 Involuntary Plea because of lack of Informational Admonishment regarding deferred Adjudication

FACTS SUPPORTING GROUND: Trial Court failed to properly inform me of possible Consequences of a violation of Community Supervision. This harmed me in that I was not aware that I would have no bond and thus Sat in jail and lost employment. This harmed me in that I was not aware that a possible Consequence would be that I would lose deferred Status and the offense would be on my record.

14

**GROUND: #30** ~~Ineffective~~ Plea not freely and Voluntarily made

**FACTS SUPPORTING GROUND:** Trial Court erred in not inquiring into whether my guilty plea was freely and voluntarily made. Court did not ask me in either a broad or general way if my plea was freely and voluntarily made. Had the Court inquired ~~or try to~~ determine ~~if~~ my plea was given Knowingly, intelligently, Voluntarily, willingly ~~or~~ under duress, under Compulsion, persuasion or improper influence it would have found that I continually requested my day in Court in the form of a trial. My attorney

14

Steve Burgess informed that we could not go to trial because I could not pay him anymore money. He further influenced me to plead to the offense by saying that prior offenses from another state would be brought up in trial. This erroneous legal advice coupled with his refusal to proceed to trial because of my lack of additional funds forced me to plead guilty. My ignorance of the law kept me from contacting the judge to mediate any issues. This lack of knowledge as well as ineffective representation compelled me to plead guilty. I did not wish to plead guilty to these allegations.

**GROUND:** #31

Ineffective Assistance of Counsel-
Steve Burgess failed to file motions

**FACTS SUPPORTING GROUND:**

Steve Burgess failed to file motion in-limine to suppress alleged victim statement given that no physical evidence was available and alleged assault couldnt have happened as claimed. Attorney failed to file motion for speedy trial as the State relied on alleged victims statement alone as evidence in case and I repeatedly requested to go to trial. Attorney failed to file motion to quash because the 367th District Court had no personal jurisdiction over me to try case. In addition crimes in indictment could not have happened as claimed.

14

#3

Attorney failed to file motion for appointment of an investigator. An investigation ~~of~~ of the home as well as its occupants by an investigator would have reveded that the alleged assault could not have happened as claimed. Steve Burgess did no such investigation but relied on the States evidence which only consisted of the alleged victims statement. Failure to file these pertinent motions rendered attorney Steve Burgess' representation inadequate and ineffective. I was seriously prejudiced given that an adequate representation by Mr. Burgess would have cast serious doubt on the States case as well as given a reasonable probability [15] that no rational juror would have found me guilty beyond a reasonable doubt.

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

**INMATE'S DECLARATION**

I, _____Jason Zeno_____, am the applicant / petitioner (circle one) and being presently incarcerated in _Cuero Tx, (Stevenson Unit)_ , declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _November 6_ , 20 _14_.

_____
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

11-6-14

Writ No. WR-81,814-02
Cause No. F-2002-1700-E WHC2

Ex Parte                          In The 367th Judicial
                                  District Court of
Jason Zeno                        Denton County, Texas 76209

Memorandum of Law/
Response To States Proposed
Findings of Fact and Conclusions
        of Law

FILED,
DENTON COUNTY, TEXAS
2014 NOV 12 AM 9:13
SHERRI ADELSTEIN
DISTRICT CLERK
BY
DEPUTY

To the District Clerk of Said District:

Now comes Jason Paul Zeno, and brings this Memorandum and Response in Support of the Application for Writ of Habeas Corpus in the above-styled cause and writ number. Please file this and bring it to the attention of the court.

## Memorandum of Law

In Ex Parte McPherson, 32 S.W. 3d 860 the Court Stated that "initial habeas application seeking out-of-time appeal was not a challenge to the conviction." In a similar case in Texas Cases book 964 S.W. 2d the court stated "both the definition of conviction and this Courts case law regarding writ applications lead us to the conclusion that the procedural bar of Sec. 4 is limited to instances in which the initial application raises claims regarding the validity of the prosecution or the judgement of guilt." In Case 361 S.W. 3d 684, 687 (footnote 1) it was determined that "an initial application seeking out-of-time appeal does not constitute a challenge to the conviction and does not bar subsequent writ application."

## Response To State's Finding Of Fact

(1.) The record reflects that I was adjudicated guilty on October 14, 2013 and not October 15, 2013.

(2.) My first application, for writ of habeas corpus in this cause was concerning an out-of-time appeal.

(3.) I was not required to make these claims in my